RCVD - USDC - CHAS, SC
2026 NOV 12 PM 4:24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Tony A. Williams, | ) C/A No.: ______________________ |
| | ) |
| Plaintiff, | ) |
| | ) VERIFIED COMPLAINT FOR |
| v. | ) FEDERAL CIVIL RIGHTS VIOLATIONS |
| | ) AND ABUSE OF PROCESS |
| E. Mitchell Griffith, individually; | ) (42 U.S.C. §§ 1983, 1985(2); |
| Emily Kate Brobston Cappelmann, | ) South Carolina Common Law) |
| individually; Griffith, Freeman & | ) |
| Liipfert, LLC; Gary Cannon, individually; | ) |
| Scott Beck, individually; Cynthia Dooley, | ) JURY TRIAL DEMANDED |
| individually; Gene McCaskill, individually; | ) |
| Aisha Taylor, individually; Mike Campbell, | ) |
| individually; Amy Bracy, individually; | ) |
| and Eugenia Hollman, individually, | ) |
| | ) |
| Defendants. | ) |
| ______________________________________ | ) |

COMES NOW the Plaintiff, Tony A. Williams, proceeding pro se, and for his Verified Complaint against the above-named Defendants, strictly limited to independent overt acts, conspiratorial conduct, and constitutional injuries occurring on and after October 23, 2026, alleges and states as follows:

## I. PRELIMINARY STATEMENT AND SCOPE LIMITATION

1. This civil action is strictly confined to post-October 22, 2026, overt acts of federal appellate obstruction, First Amendment retaliation, Fourteenth Amendment procedural due process subversion, and common-law abuse of process committed by the named Defendants against Plaintiff Tony A. Williams.

2. Plaintiff expressly excludes from this Complaint—and does not seek to re-litigate herein—any pre-October 23, 2026, claims, administrative workers' compensation disputes, or underlying substantive matters currently pending before the United States Court of Appeals for the Fourth Circuit in Record No. 26-2583 (arising from D.S.C. C/A No. 9:25-cv-03463) or pending in the Jasper County Court of Common Pleas in Case No. 2025-CP-27-00191.

## II. JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction over Plaintiff's federal constitutional and statutory claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1)–(4), as this action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the first clause of 42 U.S.C. § 1985(2).

4. This Court has supplemental jurisdiction over Plaintiff's state-law cause of action for abuse of process pursuant to 28 U.S.C. § 1367(a), as the state tort arises from the exact same post-October 22, 2026, nucleus of operative facts and overt acts of procedural extortion directed against Plaintiff.

5. Venue is proper in the District of South Carolina, Beaufort Division, pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because Defendants E. Mitchell Griffith, Emily Kate Brobston Cappelmann, and Griffith, Freeman & Liipfert, LLC maintain their principal offices and reside within the Beaufort Division (Beaufort County, South Carolina), and a substantial part of the events, filings, and overt acts giving rise to these claims occurred within Jasper and Beaufort Counties.

III. PARTIES

6. Plaintiff Tony A. Williams is a citizen of the United States, a resident of Ridgeland, Jasper County, South Carolina. At all times relevant hereto, Plaintiff Tony A. Williams has prosecuted his own legal claims strictly pro se pursuant to his statutory and constitutional rights under 28 U.S.C. § 1654 and S.C. Code Ann. § 40-5-80.

7. Defendant E. Mitchell Griffith ("Griffith") is a citizen and resident of South Carolina, a licensed attorney (SC Bar # 2404), and a principal of Griffith, Freeman & Liipfert, LLC, located in Beaufort, South Carolina. Defendant Griffith is sued strictly in his individual and personal capacity.

8. Defendant Emily Kate Brobston Cappelmann ("Cappelmann") is a citizen and resident of South Carolina, a licensed attorney (SC Bar # 100762), and an attorney practicing at Griffith, Freeman & Liipfert, LLC, in Beaufort, South Carolina. Defendant Cappelmann is sued strictly in her individual and personal capacity.

9. Defendant Griffith, Freeman & Liipfert, LLC (the "Law Firm") is a South Carolina limited liability company engaged in the practice of law with its principal office located in Beaufort, South Carolina. The Law Firm is vicariously and directly liable for the tortious and conspiratorial acts committed by its principals, members, and agents within the scope of firm operations.

10. Defendants Gary Cannon, Scott Beck, Cynthia Dooley, Gene McCaskill, Aisha Taylor, Mike Campbell, Amy Bracy, and Eugenia Hollman (collectively, the "Individual State Defendants") are citizens of South Carolina who hold or held official positions with the South Carolina Workers' Compensation Commission ("SCWCC"). Each is sued strictly in his or her individual and

personal capacity for willful, ultra vires, and conspiratorial acts taken outside lawful statutory authority on and after October 23, 2026.

IV. FACTUAL ALLEGATIONS OF POST-OCTOBER 22, 2026 OVERT ACTS

A. The Procedural Posture Establishing Motive and Context

11. Prior to October 23, 2026, in Jasper County Court of Common Pleas Case No. 2025-CP-27-00191, Defendants Griffith and Cappelmann entered a formal Notice of Appearance (on April 25, 2025) strictly and exclusively for the institutional entity SCWCC, leaving all eight Individual State Defendants unrepresented and in certified, un-vacated default under Rule 55(a), SCRCP.

12. On October 22, 2026, the official Trial Roll and public index (CMSWeb 7.2) of the Jasper County Court of Common Pleas recorded the formal disposition of Case No. 2025-CP-27-00191 as: "Disposition: Dismissed per Rule 41(a)."

13. Simultaneously, Plaintiff Tony A. Williams was actively prosecuting a federal appeal before the United States Court of Appeals for the Fourth Circuit, docketed as Appeal No. 26-2583, challenging interlocutory and partial summary rulings from the District of South Carolina (C/A No. 9:25-cv-03463).

B. Overt Act 1: Procurement of an Ex Parte Order on a Dismissed Docket (October 23–27, 2026)

14. On October 23, 2026—one day after Case No. 2025-CP-27-00191 was officially recorded as "Dismissed per Rule 41(a)"—Defendants Griffith and Cappelmann, acting in concert with and for the personal benefit of the eight defaulted Individual State Defendants, walked an unserved proposed Order for Summary Judgment and a $25.00 order cover sheet into the Jasper County Clerk of Court's Office.

15. Knowing that the eight Individual State Defendants stood in certified default without standing to seek affirmative relief under binding South Carolina law (Limehouse v. Hulsey, 404 S.C. 93 (2013)), and knowing the case was already marked dismissed on the trial roll, Defendants Griffith and Cappelmann utilized an ex parte chambers channel through a newly graduated judicial law clerk to procure a signature on the conflicting summary judgment order on October 27, 2026, without notice, hearing, or an SCCA Form 4.

C. Overt Act 2: Covert Coordination of an Unrecorded Closed-Door Hearing (October 28, 2026)

16. On October 28, 2026, Defendants Griffith and Cappelmann coordinated ex parte with judicial law clerk Edward McCormick to arrange an off-the-calendar, in-person hearing in Jasper County for November 23, 2026.

17. Chief Deputy Clerk Laura Malphrus confirmed in writing that no term of court was rostered or scheduled under Rule 40, SCRCP, for that date. Moreover, no official court reporter was scheduled as mandated by S.C. Code Ann. § 14-15-30.

18. Defendants orchestrated this off-roster, unrecorded chambers session specifically to avoid a verbatim appellate transcript and to ambush Plaintiff Tony A. Williams behind closed doors.

D. Overt Act 3: Extortionate $50,000 Cash Bond Demand and Fabricated UPL Smear (November 6, 2026)

19. On November 6, 2026, at 1:22 PM, Plaintiff Tony A. Williams clocked a timely Rule 59(e) Motion to Vacate alongside an Administrative Caveat in Case No. 2025-CP-27-00191, suspending the finality of the October 27 order as a matter of law.

20. Three hours later, at 4:47 PM on November 6, 2026—the day before Plaintiff's Master Appellate Opening Brief was clocked in the Fourth Circuit (November 7, 2026)—Defendants Griffith, Cappelmann, and the Law Firm, purporting to act as "Attorneys for Defendants" on behalf of all eight defaulted Individual State Defendants, filed a retaliatory Motion for Sanctions under S.C. Code Ann. § 15-36-10.

21. In that November 6, 2026 filing, Defendants:

a. Demanded that Plaintiff Tony A. Williams be ordered to post an immediate, prohibitive $50,000.00 cash bond as a precondition to filing any further pleadings or defending his legal rights;

b. Deliberately fabricated a non-existent persona—"Tony A. Williams, Sr."—falsely alleging ghostwriting and unauthorized practice of law to impugn Plaintiff Tony A. Williams's statutory right of self-representation under S.C. Code Ann. § 40-5-80, and petitioned the state court to impose the $50,000.00 bond against an unserved, non-existent non-party over whom no personal jurisdiction existed; and

c. Insisted on an in-person hearing on November 23, 2026—the exact date Appellees' Response Brief is due in the Fourth Circuit in Record No. 26-2583—in an effort to force Plaintiff Tony A. Williams to abandon his Fourth Circuit appeal and surrender the certified state defaults under economic duress.

V. CAUSES OF ACTION

COUNT I: CONSPIRACY TO OBSTRUCT FEDERAL APPELLATE JUSTICE AND INTIMIDATE A FEDERAL LITIGANT
(42 U.S.C. § 1985(2), First Clause — Against All Defendants)

22. Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

23. The first clause of 42 U.S.C. § 1985(2) prohibits two or more persons from conspiring to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified. No allegation of racial or class-based animus is required under the first clause of § 1985(2). Kush v. Rutledge, 460 U.S. 719, 726 (1983).

24. Plaintiff Tony A. Williams is a party actively attending and prosecuting an appeal before a court of the United States—specifically, the United States Court of Appeals for the Fourth Circuit, Appeal No. 26-2583.

25. Beginning on October 23, 2026, and culminating on November 6, 2026, Defendants Griffith, Cappelmann, the Law Firm, and the eight Individual State Defendants entered into an agreement and combination to deter, intimidate, and injure Plaintiff Tony A. Williams in his property by weaponizing state-court filings, procuring an ex parte order on a dismissed docket, fabricating a non-existent non-party, and demanding an oppressive $50,000.00 cash bond on the eve of Plaintiff's Fourth Circuit Opening Brief.

26. Defendants' overt acts were executed with the specific intent to coerce Plaintiff Tony A. Williams into dismissing Appeal No. 26-2583 and to manufacture a punitive state order to taint the Fourth Circuit appellate record prior to their November 23, 2026 federal briefing deadline.

27. As a direct and proximate result of Defendants' unlawful conspiracy, Plaintiff Tony A. Williams has suffered concrete injury to his property interests, litigation rights, emotional distress, and out-of-pocket expenses.

COUNT II: FIRST AMENDMENT RETALIATION AND DENIAL OF ACCESS TO THE COURTS (42 U.S.C. § 1983 — Against All Defendants)

28. Plaintiff realleges and incorporates Paragraphs 1 through 27 as if fully set forth herein.

29. Under Dennis v. Sparks, 449 U.S. 24, 27–28 (1980), private attorneys and a private law firm who willfully participate in joint action and conspiracy with state officials and court personnel to subvert judicial dockets and deprive a citizen of constitutional rights act "under color of state law" within the meaning of 42 U.S.C. § 1983.

30. Plaintiff Tony A. Williams engaged in constitutionally protected First Amendment activity by prosecuting federal civil rights claims in the District of South Carolina, filing his Notice of Appeal and Master Opening Brief in the Fourth Circuit (Record No. 26-2583), and clocking his November 6, 2026 Rule 59(e) Motion to Vacate and Administrative Caveat in state court.

31. Defendants retaliated against Plaintiff Tony A. Williams for exercising his First Amendment right to petition the government for redress of grievances by:

a. Demanding an impossible $50,000.00 financial barrier to court access;

b. Smearing Plaintiff Tony A. Williams with fabricated accusations of unauthorized practice of law based on a fictitious non-party; and

c. Attempting to force an unrecorded, closed-door hearing on November 23, 2026, to silence Plaintiff's filings.

32. Defendants' retaliatory actions would chill a person of ordinary firmness from continuing to exercise First Amendment petitioning rights and were substantially motivated by Plaintiff's protected federal appellate filings.

COUNT III: DEPRIVATION OF FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS (42 U.S.C. § 1983 — Against All Defendants)

33. Plaintiff realleges and incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. The Due Process Clause of the Fourteenth Amendment guarantees every litigant notice, an open and impartial tribunal, adherence to jurisdictional boundaries, and protection against judicial orders entered outside personal jurisdiction. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Hansberry v. Lee, 311 U.S. 32 (1940).

35. Acting under color of state law through joint action with state officials and chambers staff, Defendants subverted Plaintiff Tony A. Williams's fundamental due process rights on and after October 23, 2026, by:

a. Procuring an ex parte dispositive order on October 27, 2026, on a case already officially recorded as "Dismissed per Rule 41(a)" on October 22, 2026;

b. Arranging an off-the-roster, closed-door hearing on October 28, 2026, in violation of Rule 40, SCRCP, and S.C. Code Ann. § 14-15-30 (court reporter mandate); and

c. Moving to impose a $50,000.00 financial gatekeeper sanction grounded on an unserved, fictitious non-party ("Tony A. Williams, Sr.") over whom no court possessed personal jurisdiction.

36. Defendants' concerted manipulation of state court processes deprived Plaintiff Tony A. Williams of property and procedural due process rights without due process of law.

COUNT IV: COMMON LAW ABUSE OF PROCESS
(South Carolina Common Law — Against Defendants Griffith, Cappelmann, and Griffith, Freeman & Liipfert, LLC)

37. Plaintiff realleges and incorporates Paragraphs 1 through 36 as if fully set forth herein.

38. Under South Carolina law, the tort of abuse of process consists of two elements: (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. Hainer v. American Medical International, Inc., 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997). Absolute litigation privilege does not immunize an attorney who perverts legal process for an unlawful collateral objective.

39. Defendants Griffith, Cappelmann, and the Law Firm willfully perverted South Carolina judicial processes—specifically, an Order Cover Sheet ($25.00), an ex parte proposed summary judgment order, and a statutorily premature Motion for Sanctions under S.C. Code Ann. § 15-36-10—for an improper, ulterior collateral purpose against Plaintiff Tony A. Williams:

a. To extort Plaintiff Tony A. Williams into abandoning certified, un-vacated defaults entered against the eight Individual State Defendants whom Defendants left unrepresented for eighteen months;

b. To coerce Plaintiff Tony A. Williams into dismissing Fourth Circuit Appeal No. 26-2583 through the threat of a $50,000.00 cash bond; and

c. To conceal Defendants' own Rule 1.7 conflict of interest and unauthorized representation from the South Carolina Insurance Reserve Fund and the Office of Disciplinary Counsel.

40. Defendants committed willful, improper acts outside the regular conduct of litigation by filing motions on behalf of non-appearing defaulted individuals, naming a fabricated non-party, and attempting to conduct off-the-record chambers proceedings.

41. As a direct and proximate result of Defendants' abuse of process, Plaintiff Tony A. Williams has suffered special damages, litigation costs, severe emotional distress, and impairment of his vested property rights in uncontested default adjudications.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tony A. Williams respectfully demands judgment against Defendants, jointly and severally, as follows:

1. A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that Defendants' post-October 22, 2026 actions—including the demand for a $50,000.00 cash bond, the fabrication of a non-existent non-party, and the coordination of unrecorded off-roster hearings—violated Plaintiff Tony A. Williams's rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1985(2);

2. Preliminary and permanent injunctive relief enjoining Defendants from seeking or enforcing any financial gatekeeping bond, pre-filing restriction, or off-the-record proceeding designed to

obstruct Plaintiff Tony A. Williams's prosecution of Fourth Circuit Appeal No. 26-2583 or enforcement of certified defaults;

3. Compensatory and actual damages in an amount to be determined by a jury, together with nominal and presumed constitutional damages;

4. Punitive damages against Defendants E. Mitchell Griffith, Emily Kate Brobston Cappelmann, Griffith, Freeman & Liipfert, LLC, and the Individual State Defendants in their personal capacities, in an amount sufficient to punish their willful, malicious, and extortionate abuse of judicial process and deter future misconduct;

5. Reasonable litigation costs, expenses, and fees pursuant to 42 U.S.C. § 1988; and

6. Such other and further relief as this Court deems just, equitable, and proper.

JURY TRIAL DEMAND

Plaintiff Tony A. Williams hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Tony A. Williams, declare under penalty of perjury that I am the Plaintiff in the foregoing action, that I have read the foregoing Verified Complaint, and that the factual allegations stated therein are true and correct to the best of my personal knowledge, information, and belief.

Executed on this 12th day of November, 2026, at Ridgeland, South Carolina.

Tony A. Williams

Tony A. Williams, Plaintiff Pro Se
145 Fort Sullivan Drive
Ridgeland, South Carolina 29936
Telephone: (843) 263-4488
Email: Twtony6371@gmail.com